**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                                                   Case No. 23-11154-RAM
                                                                                    Chapter 11 Sub V
MICHAEL JOSEPH MCMAHON and
SERGEI NIKOSHCHENKOV,
            Debtors.
_____/

Debtor's Motions For Relief From ECF 227
Order Granting Monroe County's
Motion For Summary Judgment And Allowing Claim

(A) To amend or make additional findings under Rule 7052
(B) For relief under Rule 9024
(C) To reopen to receive new evidence

Debtor (Movant) moves to amend or make additional findings under Rule 7052; for relief under Rule 9024, and to reopen to receive New evidence, regarding the Order at ECF 227 ("the "Order"), and respectfully represents the following to the Court:

Rule 56. Summary Judgment provides:

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery

(c) Procedures.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

   (1) give an opportunity to properly support or address the fact;

   (2) consider the fact undisputed for purposes of the motion;

   (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

   (4) issue any other appropriate order.

   (f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

   (1) grant summary judgment for a nonmovant;

   (2) grant the motion on grounds not raised by a party; or

   (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

   (g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

   (h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

   1. The Order does not mention the highly relevant facts evidencing that the taxes were paid as "full restitution" in the criminal case.

As set forth by Debtors in Doc 210, Doc 206 Second Affidavit of Pamela L. Sellers clearly evidences in exhibit B two determinative material facts constituting admissions: 1. That defendant McMahon made "**full restitution**" and 2. that "**evidence of willfulness is lacking, as proper notice was not established**."(emphasis added).

2. The Order says:

> Monroe County assessed the Taxes by multiplying the advertised nightly rate by 30 days to estimate the monthly gross rental amount for each of the Key West Properties. Id. The Debtors argue that this methodology resulted in unrealistically high estimated revenues since the properties were not fully rented every day of each month. The Court would agree that had the Debtors filed returns based upon their actual rental receipts, the Taxes would have been lower.

The Court acknowledges that The actual numbers calculated by Trustee Linda Leal showed $75,000. The court says debtor did not file an affidavit, "Whether or not this number is accurate, the Debtors did not file an affidavit or anything else of record to contest the amount of the assessments."

> Rule 56 provides
>
> (e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

Under the circumstances the court should allow the actual numbers as proffered by Trustee Leali to prevent manifest injustice

3. The court finds that "If personal service of the Tax Warrants was required, Mr. McMahon's Affidavit would create a factual issue on the sufficiency of notice. However, despite whether Ms. Sellers personally delivered copies of the Tax Warrants to Mr. McMahon, the Debtors had constructive notice under Fla. Stat. § 28-222(3) when the Tax Warrants were recorded."

The court cites Mayfield v. First City Bank of Fla., 95 So. 3d 398 (Fla. Dist. Ct. App. 2012), but that case is really not on point. Recording under 695.01 is for creditors or subsequent purchasers not owners.

> Section 695.01 provides, in part:
>
> (1)No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, **shall be good and effectual in law or equity against creditors or subsequent purchasers** for a valuable consideration and without notice, unless the same be recorded according to law....(emphasis added)

Although County had the right to record, Debtor was not a creditor or subsequent purchaser, and the statute would not appear to apply.

The Order at bar does not speak to the fact that defendant McMahon made "**full restitution**" and that "**evidence of willfulness is lacking, as proper notice was not established**."(emphasis added)

4. The court finds rejects the argument that penalties should be subordinated, for lack of authority, but there is ample authority.

First Section 726(a)(4) provides: (a) Except as provided in section 510 of this title, property of the estate shall be distributed —

> (4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim. . . .

Second, in chapter 11, 11 U.S.C. § 1129(a)(7) requires the plan proponent must prove that each rejecting claimant in an impaired class will receive no less in the Chapter 11 than the claimant would have received if the debtor were liquidated in Chapter 7. If the fines and penalties would be subordinated in a chapter 7, Monroe County should not be entitled to the same in the chapter 11.

Third, In In re Cassis Bistro, Inc., 188 B.R. 472 (Bankr. S.D. Fla. 1995), this Court found in subordinating penalty claims without finding wrongful or inequitable conduct, that:

> Pursuant to § 510(c) of the Bankruptcy Code, the Court may, "under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim."

5. The Order suggests no authority that the tax warrants should be separated by the three properties because the liens and County Code allow that, but the equitable doctrine of marshalling of assets stands as authority

for that as discussed in this Court's decision in In re Talmo, 192 B.R. 272 (Bankr. S.D. Fla. 1996).

In conclusion, the record as a whole should not lead the Court to find for the non-moving party, so then there is a genuine issue of fact precluding summary judgment. Matsushita Elec. Indus. Co., 475 U.S. at 586-87.

For the reasons stated above the Court should not reasonably find that the pleadings, together with the affidavits, showed that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. This case should at least be reconsidered.

### Standards To Amend or Make Additional Findings under Rule 7052; for Relief Under Rule 9024; and To Reopen to Receive New Evidence

Rule 7052 applies to this contested matter (via 9014) and incorporates Rule 52, and provides in (a)(5) that a party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings, and (b) that upon timely motion the court may amend its findings - or make additional findings - and may amend the judgment accordingly.

Rule 9024 incorporates Rule 60 and allows for relief from orders for any reason that justifies relief.

Movant also moves to reopen the case to receive new evidence or arguments. The standards under Rule 9024 incorporating Rule 60 and

the considerations discussed by the courts considering motions to reopen are similar. Both are within the sound discretion of the trial court. The standards differ, however, as to whether the proffered testimony must be newly discovered.

Under Rule 60, "[e]vidence that is available to a party prior to entry of judgment ... is not a basis for granting a motion for reconsideration as a matter of law." In contrast, when considering a motion to reopen a case to present new evidence or argument, "[c]ourts need-and have-the discretion, in the interest of justice, to allow parties to correct ... oversights" that might occur at trial. In Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 331, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) ("Like a motion under Rule 15(a) to amend the pleadings, a motion to reopen to submit additional proof is addressed to [the trial court's] sound discretion.").

See In re West Shore Associates, Inc., 435 B.R. 723 (Bankr. M.D. Fl 2010), Judge Michael Williamson. Factors for a trial court to consider when deciding to reopen a case are (1) the importance and probative value of the evidence or arguments sought to be introduced, i.e., whether it is cumulative or might "affect the outcome of the case by, for example, offering a new theory of liability or present a significant alteration of the evidence presented at trial[,]" (2) the moving party's diligence and explanation for failing to previously introduce the evidence or arguments, (3) the undue prejudice that the delay might cause the non-moving party, and (4) whether the court has already announced its decision. Id.

Wherefore Plaintiff respectfully requests that the court reconsider its prior order

Respectfully submitted   - We hereby certify that a true copy of the foregoing was served on all parties by CMECF 4/11/24

JOEL M. ARESTY, P.A.
Aresty@Mac.com
By:/s/ Joel M. Aresty, Esq
Board Certified Business Bankruptcy Law
Counsel for Debtors
309 1st Ave S
Tierra Verde, FL 33715
Fax: 800-559-1870
Phone: (305) 904-1903
Fla. Bar No. 197483