UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                Case No. 23-11154-RAM

MICHAEL JOSEPH MCMAHON and                  Chapter 11
SERGEI NIKOSHCHENKOV,
        Debtors.
_____/

**SECURED CREDITOR MONROE COUNTY'S
RESPONSE TO DEBTORS' MOTION FOR RELIEF**

PLEASE TAKE NOTICE: Creditor Monroe County, by and through undersigned counsel ("County"), hereby files this Motion for Summary Judgment as to Claim 15 ("Claim") filed in this matter by Monroe County.

**I.
MOTION FOR RELIEF: LEGAL STANDARD**

Debtors in this matter (Michael Joseph McMahon and Sergei Nikoshchenkov) ("Debtors") filed their Motion for Relief [D.E. 228] under Rules 7052 and 9024 of the Federal Rules of Bankruptcy Procedure, and "to reopen to receive new evidence."

Rule 9024 refers to Rule 60 of the Federal Rules of Civil Procedure, which states that the court may relieve a party or its legal representative of a judgment or order that has been entered for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Of note, a request to reopen to receive new evidence is <u>not</u> one of the grounds under Rule 60, unless the evidence was newly discovered and could not have been discovered within reasonable diligence, sufficient to meet the Rule 59 standard.

## II.
## ARGUMENT

**A.     Sufficiency of the Constructive Notice**

The County, in its Motion for Summary Judgment [D.E. 184], stated that Debtors had constructive notice of each of the tax warrants by virtue of the recordation. (Motion, p. 12.) The County cited § 28.222(3), Fla. Stat., which places an obligation on the Clerk to record certain types of instruments, including tax warrants.

Debtors never mentioned the notice issue in their Response In Opposition to Monroe County's Motion for Final Summary Judgment [D.E. 203]. A party that fails to address an argument in its brief in opposition to a motion for summary judgment waives that argument. *See Ahern v. Delta Air Lines, Inc.*, 609 F. Supp. 3d 1314, 1338 (S.D. Fla. 2022), *quoting Jean Baptiste v. Securian Financial Group, Inc.*, 557 F. Supp. 3d 1271, 1284 (S.D. Fla. 2021) ("Of course, the Plaintiff waived this argument by failing to advance it in his Response to the Motion for Summary Judgment.").

Addressing however the substance of the argument: the County's point in its Motion was that the time for the Debtors to contest the assessments and Tax Warrants had long since run. (Motion, at p. 11.) Per § 72.011(2), Fla. Stat., the taxpayers had no more than 80 days from the date on which the assessments became final to bring an action to contest the assessments by filing an action in the Circuit Court or with the Florida Division of Administrative Hearings. § 28.222(3), Fla. Stat., says that the recordation of the warrants constitutes constructive notice to all persons. *See* § 28.222(3); *see also Matter of 2609 Corp.*, 13 B.R. 1006, 1007 (S.D. Florida 1981) ("Under Florida law, this recordation constitutes constructive notice to all persons with interests in real property in that county."). Debtors have failed to cite to any statute requiring personal service of the tax warrants for the timing to begin to run. Nothing in § 72.011, Fla. Stat., requires personal service of an assessment or tax warrant. Similarly, nothing in § 125.0104 or § 125.0108, Fla. Stat. (the state statutes governing tourist development taxes and tourist impact taxes) requires personal service of any tax warrants for enforcement.

Indeed, other cases hold that constructive notice of similar instruments is sufficient to put a party on notice, thereby satisfying due process requirements. *See, e.g., In re. Omni Dev't and Services, Inc.*, 31 B.R. 482 (S.D. Fla. 1983) (holding that a lien claimed by a creditor against debtor's real property or proceeds from a sale of the property was not subject to the debtor-in-possession's avoiding powers, where the affidavit recorded by the creditor provided constructive notice); *In re. Green Pastures Christian Ministries, Inc.*, 437 B.R. 465 (N.D. Ga. 2010) (Chapter 11 debtor-in-possession was not entitled to avoid federal tax liens on the basis of minor defect in debtor's name, where the lien was recorded

3

and a reasonable inspection would reveal its existence); *Keys Citizens for Responsible Government, Inc. v. Florida Keys Aqueduct Authority*, 795 So. 2d 940 (Fla. 2001) (published constructive notice of proceedings concerning a bond validation action for a wastewater utility's proposed bond issue complied with § 75.06, Fla. Stat., and satisfied procedural due process requirements).

The timetable for Debtors to file any challenges to the tax warrants expired no more than 80 days following recordation of the warrants. None of the statutes cited required personal service. Recordation was sufficient to impart constructive notice, and sufficient to provide notice and an opportunity to be heard to the Debtors.

**B.    Debtors Were Granted Credit for the Criminal Restitution Payments.**

As explained by Pamela Sellers in both of her affidavits, Debtors received credit from the County for the $26,560.78 check that Mr. McMahon's criminal defense attorney sent to the Tax Collector's office in June 2022. This amount is shown in the County's Claim, Claim 15, as part of the "tax payments" and "penalty payments." (Sellers Aff., ¶ 13; also Second Affidavit of Pamela L. Seller [D.E. 200], ¶ 5 and Exh. D.)

Nothing in the Response filed by Debtors to the County's Motion, nor in the Declaration of Michael McMahon in support of Debtor's Motion for Summary Judgment [D.E. 182], nor in the Second Declaration of Michael McMahon In Support of Motion for Summary Judgment [D.E. 204], offers any evidence in support of the allegation now in Debtor's Motion for Relief [D.E. 228], that the payment constituted "full restitution" in the criminal case. Indeed, Mr. McMahon's Second Declaration undercuts this argument. In the Second Declaration, Mr. McMahon states: "The check sent from my attorney was part

4

of a deal made with the State's Attorney's Office and the amount was for all taxes due as exhibited in the criminal complaint." (Second Declaration [D.E. 204], ¶ 9.] The County was not a party to the criminal case. The County was not represented by the State Attorney's Office in the criminal complaint. The criminal case involved scores of alleged criminal violations, most of which had nothing to do with failing to file returns or pay tourist development taxes, and the time period covered by the criminal case was no more than a subset of the years covered now by the County's claim in this bankruptcy case. [D.E. 200, Exh. A.] The Tax Collector specifically stated that there was no agreement between the prosecutor and the Tax Collector that the payment constituted full restitution of all outstanding unpaid taxes. [D.E. 200, Exh. C.]

Debtor's Motion for Relief does not introduce new evidence or provide any other basis for relief under Rule 60. Moreover, it is inaccurate. For all the reasons stated above, this argument as part of the Motion for Relief should be rejected.

## C. The Remainder of Arguments in Debtors' Motion Are Similarly Unavailing.

None of the remaining arguments in Debtors' Motion for Relief are meritorious.

First, Debtors should not be permitted to reopen evidence to allow Debtors to submit new calculations, based on alleged rental receipts. The County's Claim has been filed since last August. Since then, and in their Response to the County's Motion for Summary Judgment, Debtors produced no credible evidence to support their allegation of lower rental receipts. They have had numerous opportunities, but have not done so.

Second, Debtors have not submitted any case law to show that the portion of the County's secured claim which included statutory penalties should be extinguished or

5

subordinated. In the sole case cited by Debtors, *In re. Cassis Bistro, Inc.*, 188 B.R. 472 (S.D. Fla. 1995), this Court found that subordination was justified by the equities in the case, and granted a motion for subordination. *Id.* at 475. In that case, the Internal Revenue Service and Florida Department of Revenue had filed general unsecured claims for prepetition tax penalties. The aggregate was $47,551.44, against general unsecured claims of approximately $70,000. *Id.* at 473. This Court found that the penalty claims were nonpecuniary claims; that the Internal Revenue Service and Florida Department of Revenue were already receiving full payment plus interest; and that absent subordination, the monies available for distribution to general unsecured creditors would only yield a partial dividend. *Id.* at 475.

Here, the penalties that were imposed arise because of the statutes, arising from taxpayers' failure to file their returns or pay their taxes. [D.E. 184, pp. 13-14.] Beyond that, there are key differences from the *Cassis Bistro* case. The penalties here are part of the County's <u>secured</u> claim, not an unsecured claim. Also, Debtors have once again submitted no affidavits or other competent evidence to show that general unsecured creditors (or any creditors) will be disadvantaged if subordination does not occur. There is no reason shown here for the Court to use its equitable powers to subordinate the statutory penalty portion of the County's secured Claim.

Third, and finally, Debtors have failed to provide any authority to show why the County's Claim should not be allowed against all of the properties belonging to Debtors. This is the same argument asserted by Debtors in their Amended Objection to the County's Claim [D.E. 134, ¶ 2], where Debtors asserted that the Claim must be "separated as to

collateral for purposes of payment."  The liens attach to all properties owned by Debtors. *See* §§ 125.0104 and 125.0108, Fla. Stat., *see also* Monroe County Code Sections 23-179 and 23-198.  For tourist development taxes, the language is set forth in Monroe County Code section 23-198(f)(4), which states: "[T]he tax collector is empowered, and it shall be its duty, when any tax becomes delinquent or is otherwise in jeopardy under this article to issue a warrant . . . **and thereupon the amount of the warrant shall become the lien of any real property or personal property of the taxpayer** . . .." (Emphasis added).  For tourist impact taxes, the same language appears in Monroe County Code section 23-179(f)(6)d.  Debtors have advanced no legal authority to show why the warrants should not act liens on all of the real properties owned by the Debtors.

## III.
## CONCLUSION

For all of the foregoing reasons, the Debtor's Motion for Relief should be denied.

Respectfully submitted,

By: */s/ Cynthia L. Hall*
By: Cynthia L. Hall, Esq.
FBN 34218
Sr. Assistant County Attorney
Monroe County Attorney's Office
1111 12th Street
Suite 408
Key West, Florida 33040
hall-cynthia@monroecounty-FL.Gov
cory-christina@monroecounty-fl.gov
dastugue-laurie@monroecounty-fl.gov
Proffitt-maureen@monroecounty-fl.gov
Phone: (305) 292-3470

*Counsel for Creditor Monroe County*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2024, a copy of the foregoing was furnished electronically and/or via first class U.S. Mail on all parties of record in this case, including the following:

MICHAEL JOSEPH MCMAHON
28 SEASIDE SOUTH COURT
KEY WEST, FL 33040
*Debtor*

SERGEI NIKOSHCHENKOV
28 SEASIDE SOUTH COURT
KEY WEST, FL 33040
*Co-Debtor*

JOEL M. ARESTY, ESQ.
JOEL M. ARESTY, P.A.
209 1ST AVE S
TIERRA VERDE, FL 33715
*Attorney for Debtors*

LINDA M. LEALI
2525 PONCE DE LEON BLVD.,
SUITE 300
CORAL GABLES, FL 33134
*Subchapter V Trustee*

UNITED STATES TRUSTEE
OFFICE OF THE UNITED STATES TRUSTEE
51 SW 1ST AVE., SUITE 1204
MIAMI, FL 33130
*U.S. Trustee*

                                    By: */s/ Cynthia L. Hall*
                                         By:  Cynthia L. Hall, Esq.
                                         FBN 34218
                                         Sr. Assistant County Attorney

                                         Christina Cory, Esq.
                                         FBN 106998
                                         Assistant County Attorney

                                         Monroe County Attorney's Office
                                         1111 12th Street
                                         Suite 408
                                         Key West, Florida 33040
                                         hall-cynthia@monroecounty-FL.Gov
                                         cory-christina@monroecounty-fl.gov
                                         dastugue-laurie@monroecounty-fl.gov
                                         Proffitt-maureen@monroecounty-fl.gov
                                         Phone:  (305) 292-3470

                                         *Counsel for Creditor Monroe County*